UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
FAITH LAUGIER,       :
       :
             Plaintiff,       :      13-CV-6171 (JMF)
       :
       -v-      :      MEMORANDUM OPINION
       :          AND ORDER
CITY OF NEW YORK, et al.,       :
       :
             Defendants.       :
       :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2014

JESSE M. FURMAN, United States District Judge:

      On November 21, 2014, Defendants filed a motion seeking several forms of relief relating to the upcoming deposition of Commissioner Joseph Esposito. (Defs.' Ltr. Mot. (Docket No. 58)). Specifically, they object to Plaintiff's plan to videotape the deposition, (1) insisting that counsel for Plaintiff videotaping the deposition himself is unnecessary and, based on the alleged risks of distortion, not in compliance with Federal Rules of Civil Procedure 30(b)(5)(B) and (C); and (2) seeking a protective order preventing counsel for Plaintiff from "showing the video to members of the media, to attorneys other than those in his office, to the plaintiff, to plaintiffs in other matters, or to anyone else, or to attempt to use the video in any court proceedings." (Defs.' Ltr. Mot. 2-3). By letter filed on November 23, 2014, Plaintiff opposed Defendants' request, arguing (among other things) that the request to designate *ex ante* the entire deposition as "confidential" is inconsistent with this Court's Standing Order in Section 1983 cases and that the attempt to limit press access to the videotaped deposition is at odds with the right of public access to judicial documents. (Pl.'s Ltr. Resp. (Docket No. 61) at 2-3).

      A few of Defendants' requests can be addressed swiftly. As an initial matter, the Court

sees no need to bar Plaintiff from videotaping the deposition altogether, as Plaintiff's counsel properly noticed Defendants as to his intention to record the proceeding as required by Federal Rule of Civil Procedure 30(b)(3). Further, Defendants' request that the video be deemed inadmissible in later proceedings before this Court is premature. Finally, the Court will not order Plaintiff to use an independent videographer. The Court may well deem a video of the deposition inadmissible at a later juncture if it finds that the video is distorted in violation of Rule 30(b)(5)(B). And while that may well counsel in favor of using an independent videographer, it is Plaintiff's choice whether to take that risk.

Defendants' request for a protective order limiting public access to the videotaped deposition warrants more discussion. Federal Rule of Civil Procedure 26(c) specifies that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by, among other things, sealing deposition testimony. Fed. R. Civ. P. 26(c). Plaintiff argues that any limit placed on press access to the videotaped deposition of Commissioner Esposito via such a protective order would infringe on the public's right of access to judicial documents. (Pl.'s Ltr. Resp. 3). Contrary to Plaintiff's assertion, however, videotaped depositions, at this stage of the proceedings, are not "judicial documents" subject to a presumption in favor of public access. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach."); *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). Nevertheless, in order to justify a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, Defendants must make a showing of "good cause." Fed. R. Civ. P. 26(c). District courts in this Circuit have interpreted this standard as requiring a showing "that disclosure will

result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Schiller v. City of New York*, No. 04-CV-7922 (KMK) (JCF), 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007) (internal quotation marks and citations omitted); *see also Orillaneda v. French Culinary Inst.*, No. 07-CV-3206 (RJH) (HBP), 2011 WL 4375365, at *3-4 (S.D.N.Y. Sept. 19, 2011).

Defendants have not come close to making such a showing. They rest much of their conclusory argument for a protective order barring the dissemination of Commissioner Esposito's videotaped deposition on the fact that Commissioner Esposito is a "high ranking public official in New York City and likewise, a public figure," and that, in light of prior press coverage in this case, "[i]t is not inconceivable that the media may attempt to obtain a copy of the videotape." (Defs.' Ltr. Mot. 2). But Commissioner Esposito's status as an appointed official, along with the pre-existing public interest in this case, cuts in *favor* of allowing public access to the video, not against it. *See, e.g.*, *Condit v. Dunne*, 225 F.R.D. 113, 116-20 (S.D.N.Y. 2004) (denying a protective order barring public dissemination of the videotaped deposition of the defendant in light of, among other things, the public's interests in the subject matter of the litigation); *Flaherty v. Seroussi*, 209 F.R.D. 295, 300 (N.D.N.Y. 2001) (declining to enter a protective order prohibiting dissemination of a mayor's videotaped deposition, given "strong, legitimate public interest" in access to court documents pertaining to "elected officials and the performance of their governmental responsibilities"). Further, as for Defendants' concerns that "the deposition will likely contain testimony regarding information and documents that are confidential," those concerns can be addressed through the procedures set forth in the Standing Protective Order of this Court's Section 1983 Plan. (Defs.' Ltr. Mot. 3) *See* S.D.N.Y. Plan For

Certain § 1983 Cases Against The City Of New York, Ex. D.  Although Paragraph 6 of the Plan's Protective Order speaks only of deposition transcripts and exhibits, the Court sees no reason why the same procedure cannot also be applied to corresponding portions of the videotaped deposition, by editing and splicing sections of the video marked as confidential.

All of that said, the Court recognizes that the publicity surrounding this case — and counsels' potential involvement in that publicity — does create a risk that Defendants may be denied a fair trial, should this case get that far.  And while searching voir dire is one means to address any potential prejudice arising from pretrial publicity, *see, e.g.*, *In re Application of Dow Jones & Co.*, 842 F.2d 603, 611 (2d Cir. 1988), pursuant to both the Federal Rules of Civil Procedure and its inherent authority, the Court has discretion to enter prophylactic orders that will protect parties' right to a fair trial, *see Munoz v. City of New York*, 11-CV-7402 (JMF), 2013 WL 1953180, at *2 (S.D.N.Y. May 10, 2013).  Pursuant to that discretion, the Court hereby adopts Rule 3.6 of the New York State Rules of Professional Conduct, prohibiting certain types of extrajudicial statements made by counsel, as an order of the Court applicable to all counsel of record.  Accordingly, any future breach of Rule 3.6 may be punished as a violation of this Court's orders under Rule 16(f) of the Federal Rules of Civil Procedure or under the Court's inherent power, and the Court "may impose monetary sanctions, order referral to the [New York] Disciplinary Board . . . or enter such other orders which are just under the circumstances." *Constand v. Cosby,* 229 F.R.D. 472, 478 (E.D. Pa. 2005).

In light of the foregoing, Defendants' motion is DENIED, but the Court adopts Rule 3.6 of the New York State Rules of Professional Conduct as an order of this Court. The parties are instructed to proceed with the deposition of Commissioner Esposito, pursuant to this Order and the Court's Order of November 2, 2014 (Docket No. 53).

SO ORDERED.

Dated: November 24, 2014
      New York, New York

                                                 JESSE M. FURMAN
                                            United States District Judge